**Doyle Edward SKILLERN,
Petitioner-Appellant,**

v.

**Raymond PROCUNIER, Director, Texas
Department of Corrections, et al.,
Respondents-Appellees.**

No. 85–2040.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1985.

David E. Kendall, Washington, D.C., Shannon E. Salyer, Corpus Christi, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Pauline C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before RUBIN, TATE, and JOLLY, Circuit Judges.

PER CURIAM:

The petitioner Skillern, a Texas state prisoner, was convicted of murder, and his execution is set for January 16, 1985. He appeals from an order denying injunctive relief and stay of execution. Pending before us is a motion for a stay of execution.

We have previously affirmed the denial of federal habeas relief as to various substantive contentions raised. *Skillern v. Estelle*, 720 F.2d 839 (5th Cir.1983), *cert. denied sub nom., Skillern v. Procunier,* — U.S. ——, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984).

By the present proceeding, Skillern again sought relief in the trial court for his impending execution.[1] The sole ground upon which a stay of execution is sought is Skillern's contention that his execution should be stayed until the United States Supreme Court decides *Heckler v. Chaney, cert. granted,* — U.S. ——, 104 S.Ct. 3532, 82 L.Ed.2d 838 (1984), in which the plaintiff is a party, and in which the plaintiffs, a group of death row inmates, challenge the failure of the Food and Drug Administration to certify the executing drugs for use as executing drugs.

We AFFIRM the denial of the request for a stay of execution and for injunctive relief, and we DENY the present motion for a stay. In doing so, we adopt the reasons of the district court in its order of January 11, 1985, entered at 6:45 p.m. that date:

> This court denies Skillern's request for injunctive relief and stay of execution pending decision of the Supreme Court because Plaintiff has failed to convince the Court that he has presented a substantial case on the merits. *O'Bryan v. McKaskle*, 729 F.2d 991 (5th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 1015 [79 L.Ed.2d 245] (1984), squarely rejects the holding of the Court of appeals for the District of Columbia *Chaney v. Heckler, supra.* Additionally, the Supreme Court stayed the mandate of the *Chaney* case and further refused to stay the execution of another prisoner pending its resolution of the *Chaney* case. *Barefoot v. Procunier,* — U.S. ——, 105 S.Ct. [373, 83 L.Ed.2d 309] (1984).

> Plaintiff has also failed to convince the Court that success in the *Chaney* case would give him the remedy that he seeks to avoid execution by drugs. This Court's understanding of the *Chaney* case is that it is a suit brought to require the Administrator of the Food and Drug Administration to undertake certain statutory responsibilities to examine drugs for all uses, including the use as an executing drug. The State of Texas is not a party to that litigation and it is not shown how such decision would prevent the State of Texas from pursuing the execution of the Plaintiff by use of this drug.

> Plaintiff has resisted consideration of this case as an action under 28 U.S.C. § 2254. In the event this case should be more properly considered an action for writ of *habeas corpus* seeking a stay of execution because of cruel and unusual punishment, then this Court denies that application on the grounds that *O'Bryan v. McKaskle* and *Barefoot v. Procunier* have rejected that theory. No certificate of probable cause is sought (the on file application was withdrawn at hearing); nonetheless, such certificate is denied as being without merit.

> For all of the foregoing reasons, it is not demonstrated that there has been a substantial showing of the denial of a federal right, *Barefoot v. Estelle* [463 U.S. 880], 103 S.Ct. 3383 [77 L.Ed.2d 1090] (1983), or that this Court needs to interfere in the state judicial process to correct wrongs of constitutional magnitude. *Wainwright v. Goode,* — U.S. ——, 104 S.Ct. 378–382 [78 L.Ed.2d 187] (1983).

> This order is being entered by us in ample time to permit the petitioner to seek a stay from the United States Supreme Court. We do not believe that it is a dereliction of our duty to leave to the Supreme Court the question whether its granting a

---

1. The action was filed prior to exhaustion of state habeas remedies as a suit under 42 U.S.C. § 1983 seeking injunctive relief and a stay of execution. Subsequent thereto, Skillern exhausted state habeas remedies. His counsel has informed this court that he does not at this time plan to file further federal habeas proceedings, with this issue to be asserted at this time before this court by the present appeal.

writ in *Chaney* dictates a result different from the result in *O'Bryan* and *Barefoot*.

MOTION FOR STAY OF EXECUTION DENIED.